COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
2012 JAN 23 A 9 49
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEP

| | |
|---|---|
| **REYA C. BOYER-LIBERTO**<br>438 Ocean Parkway, Unit 20<br>Ocean Pines, MD 21811 | *<br>*<br>* |
| **Plaintiff** | * |
| v. | * |
| **FONTAINEBLEAU CORPORATION**<br>t/a Clarion Resort Fontainebleau Hotel<br>10100 Coastal Highway<br>Ocean City, MD 21842<br>    **SERVE:**<br>        **Leonard P. Berger**<br>        Resident Agent<br>        10100 Coastal Highway<br>        Ocean City, MD 21842 | *<br>*<br>*<br>*<br>* |
| and | * |
| **LEONARD P. BERGER**<br>10100 Coastal Highway<br>Ocean City, MD 21842 | *<br>* |
| **Defendants** | * |

Civil Action No: **JKB 12 CV 0212**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Reya C. Boyer-Liberto ("Mrs. Liberto") through counsel makes this complaint against her former employer, Fontainebleau Corporation, trading as Clarion Resort Fontainebleau Hotel, ("Fontainebleau" or "the Hotel"), as well as her former supervisor, Leonard P. Berger ("Mr. Berger"). Mrs. Liberto asserts claims for racial discrimination and retaliation pursuant to 42 U.S.C. §2000(e) (Title VII), as well as claims for racial discrimination and retaliation in the making and enforcement of Plaintiff's employment contract pursuant to 42 U.S.C. § 1981. Mrs. Liberto contends she was subjected to racial discrimination, complained

1

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

about it, and then was fired in retaliation. Mrs. Liberto seeks declaratory and injunctive relief, and awards of compensatory damages, punitive damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. The acts and omissions giving rise to Plaintiff's claims occurred in Maryland, and there is no other district in which this action may be brought. Venue lies in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Mrs. Liberto is a resident of Maryland, and resided here during the events giving rise to this case.

4. Fontainebleau Corporation is an incorporated entity, registered to do business in the State of Maryland, which owns the trade name "Clarion Resort Fontainebleau Hotel." Fontainebleau operates a hotel in Ocean City, Maryland under that trade name, at which Plaintiff was employed during the events giving rise to this case.

5. Mr. Berger is the President and CEO of the Fontainebleau Corporation, trading as the Clarion Resort Fontainebleau Hotel.

## FACTS COMMON TO ALL COUNTS

6. Mrs. Liberto went to work for Fontainebleau in July 2010 at the Clarion Resort Fontainebleau Hotel in Ocean City, Maryland. During her employment, Mrs. Liberto worked mainly as a bartender, but also occasionally as a banquet server in the Hotel's restaurant.

7. Mrs. Liberto has many years of experience in the food service and bartending industry, and was successful in her employment with Fontainebleau.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

8. As Fontainebleau is controlled, owned and operated by Mr. Berger, Mr. Berger generally oversaw the operation of the Hotel during Plaintiff's employment.

9. Upon hiring, Mrs. Liberto was met with hostility from another employee, Trudy Clubb ("Ms. Clubb"). Almost immediately, Ms. Clubb, who was a long time friend of Mr. Berger and acted as the "hostess" for the Hotel's restaurant, began negatively commenting on Mrs. Liberto's African American ethnicity (Ms. Clubb, like Mr. Berger, is of Caucasian ethnicity). Ms. Clubb would make comparisons between Mrs. Liberto and other African American employees, such as "you are the same color as Stacey, but Stacy is nice." Ms. Clubb frequently reminded Ms. Liberto to "remember your place." Ms. Clubb also made disparaging comments about the ethnicities of other employees working at the Hotel. For instance, Ms. Clubb routinely referred to Hispanic employees as "chihuahuas."

10. On three separate occasions Mrs. Liberto complained to the Hotel's Food and Beverage Director, Richard Ubeck ("Mr. Ubeck"), that Ms. Clubb had made racially disparaging comments to her. Mr. Ubeck's response to Mrs. Liberto was "you can't run from you problems." Mr. Ubeck also denied Ms. Liberto's request that her position be changed in order to avoid working with Ms. Clubb.

11. Despite Mrs. Liberto's complaints (which went unaddressed), Ms. Clubb's behavior persisted. In fact, Ms. Clubb's treatment of Mrs. Liberto deteriorated over time. On September 15, 2010, Ms Clubb verbally accosted Mrs. Liberto by threatening Mrs. Liberto that she "was going to make you sorry" and referring to Mrs. Liberto as a "porch monkey."

12. Recognizing that in the past Mr. Ubeck had failed to protect her from Ms. Clubb's racial attacks, Mrs. Liberto took her complaint to Human Resources. On September 16, 2010, Mrs. Liberto met with an agent from the Human Resources Department and described Ms.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

Clubb's pattern of racially offensive behavior. Mrs. Liberto also relayed to the particularly offensive "porch money" comment. Mrs. Liberto had a subsequent conversation with the agent from the Human Resources Department over the telephone on September 17, 2010.

13. The next day, September 18th, Mrs. Liberto spoke with the Hotel's General Manager, Mark Elman ("Mr. Elman"), about her complaint of racial discrimination. Mr. Elman assured Mrs. Liberto that he had addressed the issue with Ms. Clubb, and that Ms. Clubb's behavior "would not be tolerated."

14. Mrs. Liberto was scheduled off from work on September 19th and 20th, but returned to work on September 21, 2010. Upon her return, Ms. Liberto was approached by Mr. Ubeck who offered that he "was sorry things didn't work out" with her employment at the Hotel. Mrs. Liberto was immediately confused, as she believed the situation with Ms. Clubb was rectified days prior by the General Manager.

15. Ms. Ubeck then accompanied Mrs. Liberto to the Human Resources Department where she met with a member of Human Resources, as well as General Manager Mr. Elman. Mr. Elman informed Mrs. Liberto that Mr. Berger had reviewed her file, which included her discrimination complaint, and after doing so, had determined that "her services were no longer needed." Accordingly, Ms. Liberto was terminated effective September 21, 2010.

16. Mrs. Liberto promptly filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging both racial discrimination and retaliation. The EEOC issued a right-to-sue letter on December 15, 2011, copy of which is attached as **Exhibit A**.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

## CAUSES OF ACTION
## COUNT I: RACIAL DISCRIMINATION/HARASSMENT
## 42 U.S.C. §2000e (TITLE VII)
## (FONTAINEBLEAU)

17. The facts alleged above are incorporated by reference.

18. While employed by Fontainebleau, Mrs. Liberto was subjected to racial harassment. As outlined above, Ms. Clubb engaged in a persistent course of conduct in which she made disparaging remarks about Mrs. Liberto's African American ethnicity. This harassment peaked on September 15, 2010 when Ms. Clubb referred to Mrs. Liberto as a "porch monkey." This persistent and severe harassment altered the conditions of Mrs. Liberto's employment and created an abusive and hostile work environment. In fact, the conduct was so severe, Mrs. Liberto repeatedly requested that her position be changed in order to avoid interaction with Ms. Clubb.

19. Although Mrs. Liberto complained to the Hotel's Food and Beverage Director about Ms. Clubb's behavior on three separate occasions, Fontainebleau failed to take action against Ms. Clubb. Ultimately, when Mrs. Liberto complained to Human Resources, she was quickly fired. Accordingly, Fontainebleau failed to exercise reasonable care in preventing and correcting such harassing behavior. Moreover, based on Defendant's course of conduct, Ms. Liberto's race was clearly a motivating factor in terminating her employment with Fontainebleau.

20. As a direct and proximate result of the illegal discrimination outlined above, Mrs. Liberto has suffered lost wages and employment benefits, and has endured severe emotional distress accompanied by physical symptoms.

## COUNT II: RETALIATION
## 42 U.S.C. §2000e (TITLE VII)
## (FONTAINEBLEAU)

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

21. The facts alleged above are incorporated by reference.

22. Fontainebleau fired Mrs. Liberto because she complained of racial discrimination. Mrs. Liberto's September 16, 2010 complaint (as well as each one prior) was based upon an objectively reasonable belief that Mrs. Clubb's "porch monkey" comment (as well as her prior racially derogatory comments) constituted intentional discrimination. Five days later, Mr. Berger made the decision to terminate Mrs. Liberto. In doing so, Defendants did not even attempt to disguise the fact that Mrs. Liberto's termination arose solely from her discrimination complaint. Specifically, Mrs. Liberto was informed that Mr. Berger reviewed her complaint, and after doing so, had determined that "her services were no longer needed."

23. As a direct and proximate result of Fontainebleau's illegal retaliation, Mrs. Liberto has suffered lost wages and employment benefits, and has endured severe emotional distress accompanied by physical symptoms.

## COUNT III:
## RACIAL DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF PLAINTIFF'S EMPLOYMENT CONTRACT
## 42 U.S.C. §1981 (ALL DEFENDANTS)

24. The facts alleged above are incorporated by reference.

25. Fontainebleau intentionally discriminated against Mrs. Liberto by allowing its employee, Ms. Clubb, to engage in a persistent course of conduct involving disparaging remarks about Mrs. Liberto's African American ethnicity. This harassment peaked on September 15, 2010 when Ms. Clubb referred to Mrs. Liberto as a "porch monkey." This persistent and severe harassment altered the conditions of Mrs. Liberto's employment and created an abusive and hostile work environment. In fact, the conduct was so severe Mrs. Liberto repeatedly requested that her position be changed in order to avoid interaction with Ms. Clubb.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

26. Although Mrs. Liberto complained to the Hotel's Food and Beverage Director about Ms. Clubb's behavior on three separate occasions, Fontainebleau failed to take action against Ms. Clubb. Ultimately, when Mrs. Liberto complained to Human Resources, she was quickly fired. Accordingly, Fontainebleau failed to exercise reasonable care in preventing and correcting such harassing behavior. Moreover, based on Defendants' course of conduct, Ms. Liberto's race was clearly a motivating factor in terminating her employment with Fontainebleau.

27. The directive that Mrs. Liberto be terminated because of her complaint of racial discrimination came from Mr. Berger. Moreover, because Mr. Berger generally oversaw the operation of the Hotel, it was incumbent upon him to ensure that his employees were free from discrimination and that complaints of discrimination were properly addressed. Accordingly, Mr. Berger intentionally infringed upon Mrs. Liberto's rights secured by 42 U.S.C. §1981.

28. As a direct and proximate result of the illegal discrimination perpetrated by Fontainebleau and Mr. Berger, Mrs. Liberto has suffered lost wages and employment benefits, and has endured severe emotional distress accompanied by physical symptoms.

<u><b>COUNT IV:<br>RETALIATION: 42 U.S.C. §1981<br>(ALL DEFENDANTS)</b></u>

29. The facts alleged above are incorporated by reference.

30. Fontainebleau fired Mrs. Liberto because she complained of racial discrimination. Mrs. Liberto's September 16, 2010 complaint (as well as each one prior) was based upon an objectively reasonable belief that Mrs. Clubb's "porch monkey" comment (as well as her prior racially derogatory comments) constituted an intentional, discriminatory act. Five days later, Mr. Berger made the decision to terminate Mrs. Liberto. In doing so, Defendants did not even

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

attempt to disguise the fact that Mrs. Liberto's termination arose solely from her discrimination complaint. Specifically, Mrs. Liberto was informed that Mr. Berger reviewed her complaint, and after doing so, had determined that "her services were no longer needed."

31. As a direct and proximate result of Defendants' illegal retaliation, Mrs. Liberto has suffered lost wages and employment benefits, and has endured severe emotional distress accompanied by physical symptoms.

## **CLAIMS FOR RELIEF**

Mrs. Liberto respectfully requests this Honorable Court grant the following relief:

1. Enter a judgment in favor of Plaintiff and against all Defendants, jointly and severally, for compensatory damages.

2. Enter a judgment in favor of Plaintiff and against all Defendants, jointly and severally, for punitive damages.

3. Assess reasonable attorneys' fees and costs of suit in favor of Plaintiff and against all Defendants, jointly and severally.

4. Enter a declaratory judgment that all Defendants violated Plaintiff's rights under the laws of the United States.

5. Enter an injunction compelling Defendants to reinstate Plaintiff, and prohibiting Defendants from further discrimination and retaliation, or, in the alternative, compelling Defendants to pay Plaintiff "front-pay."

6. Grant Plaintiff such other and further relief as the nature of her cause may warrant.

*[signature]*

ROBIN R. COCKEY, Federal Bar No. 02657
LAURA E. HAY, Federal Bar No. 29403
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

9